```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


CHERYL STEELE,         )
                       )
       Plaintiff       )
                       )
v.                     )    Civil Action 02-cv-452 (PLF)
                       )
ANN VENEMAN,           )
                       )
       Defendant       )
_____)
```

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND POINTS AND AUTHORITIES IN SUPPORT THEREOF
===

Defendant filed a Motion for Summary Judgment in the above-referenced case claiming this case should be dismissed because plaintiff allegedly failed to timely and fully exhaust her administrative remedies; plaintiff allegedly cannot establish a prima facie case of race discrimination or retaliation; and plaintiff allegedly cannot show she suffered a hostile work environment.  Plaintiff opposes this motion on all counts for the reasons listed below.

Plaintiff has attached a list of Material Facts in Dispute to this filing.  Plaintiff has also attached a Proposed Order and a Notice indicating that the exhibits, because they exceed 500 pages in length, have been filed with the Clerk of the Court in

-2-

paper form.

## ARGUMENT

Defendant has a myriad of arguments supporting dismissal of this case. The one regarding no facts in dispute is clearly answered by the Plaintiff's List of Material Facts in Dispute and supporting documents attached to this Opposition. There is much for a jury to consider in this case; many documents for them to review before a decision can be made.

Defendant also argues that except for the constructive discharge, none of the other claims are adverse employment actions. This is untrue; the failure to promote directly results in loss of income; the failure to give awards directly results in loss of income; performance awards are supposedly tied to performance levels so a lower performance rating directly results in loss of income; theft of work without attribution directly results in loss of awards, higher appraisals, and promotions, all of which directly result in loss of income. Discriminatory conduct which causes an employee to use all her sick leave so that a leave of absence must be unpaid directly results in loss of income.

-3-

Defendant next makes a bizarre argument that administrative agencies in Title VII cases are entitled to deference from this Court.  In fact, trials in such cases are de novo by statute. 42 U.S.C. 2000e-16 et seq.  That the Unemployment Office agreed with Ms. Steele's claims of involuntary resignation has no more impact on the Court and jury in this case than that the Merit Systems Protection Board (MSPB) did not.

Furthermore, there is no basis for the claim that the involuntary resignation is not properly before this Court because Ms. Steele did not file an EEO complaint regarding it.  Cases which mix discrimination charges and statutory adverse actions such as dismissal, lengthy suspensions, and involuntary resignation are under the sole jurisdiction of the MSPB, 5 U.S.C. 7702.  EEOC cannot hear or decide such matters so filing an EEO complaint regarding them is worthless.  In filing with MSPB, Ms. Steele was engaging in the "strict adherence to the procedural requirements specified by the legislature," cited in National Railroad Passenger Corporation v. Morgan, 122 S.Ct. 2061 (2002), not deviating from it.  The statutory requirements for federal workers are different than those for others.  Under those requirements, plaintiff did exhaust her administrative remedies

-4-

regarding the involuntary resignation before coming to Court.

Finally the plaintiff can show that she was treated differently than white employees. The complaint in this case is full of examples. Those not timely brought to a counsellor as individual incidents show a racist environment in which the timely events took place. This is part of the plaintiff's pretext burden.

In addition, those incidents not timely as individual events support the argument of a hostile environment over a number of years. And make no mistake about it, there was hostility. Ms. Steele was accused of misusing a government credit card, already tried and found guilty before she saw the supervisor. Apparently the defendant still believes she was guilty since it says she was reprimanded for this non-deed. Yet when she pointed out that a white female was in fact the offender, that person was never talked to, reprimanded, disciplined in any way. The case was closed; there was not even an apology. A jury will find that hostile.

A jury will find Mr. Johnson's actions of shoving his hand in the plaintiff's face to prevent her from sharing written work with a

-5-

visiting professor hostile, especially when the professor wanted to work specifically with the plaintiff but was instead pushed off on a white woman with a lot of other work.

And what will the jury think of assigning an incompetent black woman to Ms. Steele because she is black and therefore there can be no EEO charges?  What will it think of the extra hours worked constantly by Ms. Steele, but not her white male counterpart, to correct this woman's errors for five years and the headaches she developed and the weight she lost while carrying this burden?  The impact on the plaintiff's health was longstanding in nature.

What will the jury think when it learns that Ms. Steele was free to do small farms research without interference until it became an issue of importance in the department and was handed off to a white female who got at least two promotions out of it?  What will they think about Mr. Traub, white male, doing the same work as Ms. Steele but first one grade and then two ahead of her?

Will the jury think that assignment of a computer which shuts down without notice and often loses material was just happenstance?  Will the jury review work whites claimed as their

-6-

own which was written by Ms. Steele and notice that the whites used this work to get promoted while Ms. Steele could not?

The events here happened in a white collar environment. <u>Oncale v. Sundowner Offshore Services, Inc.</u>, 523 U.S. 75 (1998), and the other early cases on hostile environment were all brought in blue collar environments. In those instances, open, verbal and physical hostility is more likely to occur. Most white collar environments are, if nothing else, more polite and restrained. That does not mean they are not hostile; rather it means the hostility is more like Chinese water torture. A drop of water on the forehead is nothing but when it repeats regularly, it becomes impossible to bear.

And that is the scenario here. A bright, young, ambitious female joins a federal agency. She works and goes to school at the same time to improve her upward mobility. She never turns down an assignment, moving out into areas which are more visible and likely to support her rise within the agency. She should have the same access to those things which help whites become Assistant Secretary of Agriculture. But obstacles start. First a trash computer, then an incompetent assistant. She complains

-7-

but brushes off these obstacles, still having her goal in view.

Now she's accused of criminal activity without basis.  She's the only black professional on a Y2K project and the only person who did not get an award, in spite of the work she did.  Other awards are withheld.  Her appraisal is lowered.  A promotion which others doing the same work have already achieved is turned down.

She continues to reach out, even in the face of these obstacles.  At conferences she is sought out, especially by black colleges, as a presenter.  Professors seek to work with her on research projects and grants, which are assignments that have propelled her white co-workers forward.  Answer for her: no, footdragging, get interested in something else, hand in her face to push away her comments.

The impact of all this is daily.  Every day she comes to work and sees others claiming her work as theirs and moving ahead.  She sees herself stalled at some "glass ceiling" without reason.  Everyday she sees Larry Traub and knows that he is making more money for doing less work.  And she knows her supervisor will not support her for a promotion.

-8-

When she can take no more, she seeks a leave of absence.  Because her past absences relating to overwork, the computer and Ms. Jones have eaten up most of her sick leave, this period is without pay.  Even it does not work and her doctor recommends that she leave the agency before her health worsens.  Discouraged in every area-promotions, raises, evaluations, assignments-- and seeing no other alternative, she resigns involuntarily.

Plaintiff moves to strike from the record information beginning at the bottom of Page 16 of defendant's Memorandum of Points and Authorities with "Furthermore, it is undisputed..." to the end of that paragraph on the top of Page 17 "...other than resigning."  The matters discussed here by defendant occurred in a mediation session where the parties were sworn to confidentiality.  Information from settlement talks is inadmissible in Court for any purpose.

## Conclusion

The plaintiff requests that the Court review all materials submitted by both parties.  She is certain that once this is

-9-

done, the motion for summary judgment will be denied.

                                                Respectfully submitted,

                                                Janet Cooper Bar #182386
                                                6495 New Hampshire Avenue,
                                                      Suite LL-100-Q
                                                Hyattsville, Maryland 20783
                                                (301) 891-0405
                                                FAX: (301) 891-0406
                                                Attorney for Plaintiff

Dated: February 27, 2004


Certificate of Service

I hereby certify that the documents accompanying this Motion, which have been filed with the clerk were mailed to defendant's counsel on February 27, 2004 at:

Stratton Strand
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20001

                                                _____
                                                   Janet Cooper
                                              Attorney for Plaintiff